**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-07454 JAK (Ex) | Date | October 5, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. John L. Fisher, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING REMOVAL AND REMANDING CASE TO LOS ANGELES SUPERIOR COURT JS-6

The question presented is whether this Court has subject matter jurisdiction over this action. For the reasons set forth in this Order, the Court finds that it does not. Consequently, this matter will be remanded to the Los Angeles County Superior Court.

On July 6, 2012, Plaintiff U.S. Bank National Association ("Plaintiff") filed an action for unlawful detainer in the Los Angeles County naming Defendants John Fisher and Tanya Franklin ("Defendants"). Compl., Notice of Removal, Exh. 1, Dkt. 1. Plaintiff seeks possession of the property located at 1931 Nipomo Ave., Long Beach, California (the "Property"). *Id.* at ¶ 2. Plaintiff alleges that it acquired the Property on July 11, 2008 at a trustee's sale following foreclosure. *Id.* at ¶ 5. Plaintiff also seeks damages not in excess of $10,000. *Id.* at p.1. On August 29, 2012, Defendants removed the action to this Court. Notice of Removal, Dkt. 1. Defendants seek to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332. *Id.* at ¶ 3.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Consequently, on September 11, 2012, this Court issued an Order to Show Cause re Subject Matter Jurisdiction, Dkt. 8, directing that each party submit a memorandum with respect to whether this Court has subject matter jurisdiction over this action. Plaintiff responded on September 21, 2012. Dkt. 9. In its memorandum, Plaintiff argues that the removal was ineffective because it was filed more than 30 days after service of the complaint and because this Court lacks jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). *Id.* Defendants did not file a response to the Order to Show Cause. The party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377.

The removal statute, 28 U.S.C. § 1446(b)(1), provides that the notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Defendants were served with the complaint on July 9, 2012. Navid Decl., Exh. C, Dkt. 9-4. Defendants

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-07454 JAK (Ex) | Date | October 5, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. John L. Fisher, et al. | | |

filed their notice of removal to this Court on August 29, 2012, Dkt. 1, 51 days later. Because the notice of removal was filed more than 30 days following the service of the complaint, it was untimely under § 1446(b)(1). Under 28 U.S.C. § 1446(c), "a defect in removal procedure [must] be raised in the district court within 30 days after the filing of the notice of removal." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). Plaintiff filed its motion to remand on September 21, 2012 (Dkt. 9); this was less than 30 days after the removal on August 29, 2012. Dkt. 1. As a result of the untimely removal this matter must be remanded to the Superior Court. Thus, § 1446(b)(1) provides that the notice of removal of a civil action "shall be filed" within the specified 30-day period. It was not.

This matter must be remanded for an independent reason: Defendants have failed to plead facts sufficient to show that this Court has subject matter jurisdiction. Defendants contend that this Court has diversity jurisdiction over this matter. 28 U.S.C. § 1332. However, such jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Defendants plead that they are citizens of California. Notice of Removal ¶ 5, Dkt. 1. However, Defendants do not plead Plaintiff's citizenship. Further, in its Complaint, Plaintiff states that the amount in controversy is no more than $10,000. Where a complaint filed in state court alleges an amount in controversy less than the $75,000 jurisdictional threshold, a removing defendant must establish with "legal certainty" that the amount in controversy exceeds $75,000. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Guglielmino v. McKee Food Corps.*, 506 F.3d 696, 699-701 (9th Cir. 2007). Here, Defendants have presented neither evidence nor argument that would support the claim that there is "legal certainty" that the amount in controversy in this action exceeds $75,000.

Defendants state that they are "preparing for filing a civil action for more than $500,000.00 in damages against the Plaintiff" for claims arising from the foreclosure sale of the Property. Franklin Decl. ¶ 1, Dkt. 3; Fisher Decl. ¶ 1, Dkt. 4. Although in certain instances a counterclaim may provide the basis to meet the amount in controversy requirement, *see Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir. 1984), no counterclaim has been filed. Accordingly, the possible amount that may be advanced in such future claims does not satisfy the amount in controversy requirement.

For the foregoing reasons, this matter is remanded to the Los Angeles County Superior Court at its Long Beach Courthouse (Case No. 12U01920).

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | ak |  |